May Term,<br>1845.<br><br>HART<br>v.<br>CROW.

---

### HART *v.* CROW and Wife.

A suit cannot be sustained by husband and wife for a libel on them both.

In the case of such libel there should be two actions, one by the husband for the injury to him, and the other by husband and wife for the injury to the wife.

ERROR to the *Warrick* Circuit Court.

SULLIVAN, J.—This was an action on the case by *Crow* and wife against *Hart* for a libel on the plaintiffs, written and posted up by the defendant in a place of public resort. The declaration alleges that the defendant, wickedly and maliciously intending to injure the plaintiffs in their good name, &c., and to cause it to be believed by their neighbours and others that they had been and were guilty of the crimes of lying and stealing, and to subject them to the scorn of their neighbours, &c., did, on, &c., at, &c., falsely, wickedly, and maliciously, compose and publish of and concerning the plaintiffs a certain false, scandalous, malicious, and defamatory libel, &c. The alleged libel is then set out, and charges that *John Crow* and his wife are liars, rogues, &c. By means whereof the plaintiffs have been greatly injured, &c. Demurrer to the declaration overruled, and joint damages assessed upon a writ of inquiry.

There are some questions raised on the admissibility of certain testimony that was objected to on the execution of the

Tuesday,<br>May 27.

May Term, 1845.

HART
v.
CROW.

writ of inquiry, but the case does not require that we should decide them.   The Court erred in overruling the demurrer to the declaration.   The suit is brought not only for the injury sustained by the wife, but for the wrong done to the husband also.   The action is joint and joint damages are sought to be recovered.   Two separate causes of action are shown, accruing to different persons that cannot be united in the same suit.   For the injury done to the wife, the husband must join in the suit; but the declaration must show that it is for the wrong done to the wife that the suit is prosecuted.   For the injury done to the husband, he alone should sue (1).   In *Newton et ux.* v. *Hatter*, 2 Ld. Raym. 1208, the suit was brought for a battery committed on both.   There was a judgment by default, and a writ of inquiry was executed.   On the return of the writ, judgment was arrested, because the wife could not be joined in an action with the husband for a battery on the latter.   If the defendant had pleaded to the declaration, and the cause had gone to a jury, and separate damages had been given for the injury to the wife, it may be that the verdict might have been sustained.   Bull. N. P. 21.—Cro. Jac. 655.—3 Binney, 555.

*Per  Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Lockhart*, for the plaintiff.

*J. R. E. Goodlet*, for the defendants.

(1) 1 Selw. N. P. 297.  So, if slander be spoken by husband and wife, there must be separate actions, one against the husband only, for the slander spoken by him, and the other against the husband and wife, for the slander spoken by the wife.  *Errington* v. *Gardiner, Ib.*

A suit by husband and wife cannot be sustained for words spoken of the wife not actionable in themselves, and which are only actionable on account of special damage to the husband.  *Saville et ux.* v. *Sweeny,* 4 Barn. & Adol. 514.