### Titus F. Gazynski & wife *vs.* Hiram Colburn.

A husband and wife cannot jointly sue for a joint slander upon both; the husband should sue alone for the injury to him, and the husband and wife should join for the injury to her.

Slander. The declaration contained two counts; in each of which it was alleged that the defendant uttered certain defamatory words of and concerning the plaintiffs. After a general verdict for the plaintiffs in the court of common pleas, *Wells,* C. J. arrested judgment, because " the plaintiffs were joined in the same suit for a joint slander upon both, and joint damages were demanded and given for the joint slander of both." The plaintiffs excepted to such decision.

*B. F. Cooke,* for the plaintiffs.

*F. W. Sawyer,* for the defendant.

Metcalf, J. The judgment in this case was rightly arrested. Each count in the declaration alleges that the defendant spoke certain words of and concerning the plaintiffs, by means of which they have been brought into public scandal

and disgrace, and greatly injured in their good name. They have instituted a joint action for a tort that is several and not joint. Separate actions should have been brought; one by the husband alone, for the injury to him, and one by the husband and wife, for the injury to her. *Smith* v. *Hobson*, Style, 112; Broom on Parties, 237.

It has always been held that when words are spoken of two or more persons, they cannot join in an action for the words, because the wrong done to one is no wrong to the other. The case of husband and wife is not an exception to this rule. The exceptions to it are the case of words spoken of partners in the way of their trade, and the case of slander of the title of joint owners of land. Dyer, 19 *a*; *Burges* v. *Ashton*, Yelv. 128; Sheppard's Actions upon the Case for Slander, 52; 1 Walford on Parties, 514–516; *Ebersoll* v. *Krug*, 3 Binn. 555; *Hart* v. *Crow*, 7 Blackf. 351.

*Exceptions overruled.*