May Term, 1860.

LONG
v.
MORRISON.

</div>

---

## LONG *v.* MORRISON.

At common law, a suit against a physician for malpractice, sounding in tort, did not survive to the representative of the person injured. The right of action died with the person.

May Term, 1860.

LONG
v.
MORRISON.

A husband had two actions against a physician for malpractice in treating his wife; the first for the loss of service, &c., the second, by husband and wife for the personal injury.

Where such malpractice results in death, an action lies for damages for the loss of service from its commission to its result; and if the right of action grow out of a breach of the contract for skillful treatment on the part of the physician, it is a chose in action, and survives the death of the wife.

As at common law, so by the code, husband and wife must join in a suit for an injury to the person of the wife, by malpractice of a physician, and the husband could, at common law, release the action; but as the wife, if living, could not maintain a separate action for the tort, so her administrator must join her husband in such suit; and under the statute the husband cannot settle the suit nor control its proceeds, independent of the administrator. But the non-joinder of the husband is not ground for a reversal, where no objection was made below.

The character of a witness cannot be impeached by proof of a single act of immorality.

√ A physician is liable for damages arising as well from the want of skill as from neglect in the application of skill.

On the question of damages in such cases, the common-law rule must prevail. Where the action is by husband, master, or parent, for individual loss occasioned by a tortious act towards wife, infant, or servant, the suffering of the immediate subject of the wrongful act cannot be taken into account in assessing the damages.

Thursday, August 23.

APPEAL from the *Wayne* Circuit Court.

PERKINS, J.—*James Long* was called as a physician to attend upon Mrs. *Margaret Edmonds*, wife of *Joseph W. Edmonds*. By malpractice, as is alleged, he caused her death. Her husband, *Joseph W. Edmonds*, is still living. This fact is shown by the record to have entered, as an element, into the case. *Lewis B. Morrison*, as administrator of said *Margaret*, sued *Long* to recover damages for causing her death, and obtained judgment of 2,000 dollars.

The first question arising is, will the action lie?

It will not lie, if founded on the tort, upon the common law. The right of such action on the case, by that law, died with the person. Perk. Pr., 121.—Ind. Dig., 100.— 1 Hilliard on Torts, 93.—*Carey* v. *The Berkshire Railroad Co.*, 1 Cush. 478. And see *Lynch* v. *Davis*, 12 How. Pr. R. 323, cited in Abb. Pl., 375; and Reeve's Dom. Rel., 377. See this latter authority for a suggestion.

At common law, two actions lie for personal injuries to

married women, infants, and servants. One by the husband, father, or master, for the loss of service, &c.; the other by the husband and wife, the infant, or servant, for the personal injury. *Bartley* v. *Ritchmeyer*, 4 Comst. 38.—*Robalina* v. *Armstrong*, 15 Barb. 249.—1 Starkie on Slander, 349.—Ind. Dig., 28.—*Hart* v. *Crow*, 7 Blackf. 351.

In the case at bar, then, the husband had a right of action for the loss of service, &c., sustained by him between the times of the commission of the injury, and the death of the wife resulting therefrom. And if that right of action grew out of the breach of the contract for skillful service on the part of the physician, it survived the death of the wife. It was a chose in action. 2 Kent, 351.

And if the entire right of action in the case, grew out of breach of contract (the tort consisting in negligent execution thereof), then, it would seem, the action by the husband, with whom was the contract, for the damages resulting from its breach, must exhaust the right to sue for that breach. But if, at common law, an action would lie for the wrong done to the wife, in addition to the separate suit by the husband for loss of service, &c., where the wife survived; and, further, if such right of action would be a chose in action, still our statute has not vested it in the wife any farther than the common law did, because that statute only vests in her "the personal property held by her at the time of her marriage, or acquired during coverture by descent, devise, or gift." Acts of 1853, p. 57, § 5.

And at common law, as also still by our code, husband and wife must join in suits for injuries, by third persons, to the person of the wife. Perk. Pr., pp. 136, 137. And the husband can settle and release such actions, at least when brought for injuries to the wife by malpractice. *Ballard* v. *Russell*, 33 Maine R. 196, cited in 2 Hill on Torts, p. 591.

In *Merrill* v. *Smith*, 37 Maine R. 394, it was held that, under the married women's act, the husband had a right to the earnings of the wife, and to property purchased with such earnings as at common law.

In no aspect of the case at bar, then, could Mrs. *Ed-*

*monds,* if surviving, maintain a separate action against *Long* for the injury, to obtain compensation for which this suit is prosecuted. Can her administrator maintain such a suit? If so, it is because the action is authorized by the code. Is it thus authorized? It is enacted—

"Sec. 27. A father, or in case of his death or desertion of his family, or imprisonment, the mother, may maintain an action for the injury or death of a child; and a guardian, for the injury or death of his ward. But when the action is brought by the guardian for an injury to his ward, the damages shall inure to the benefit of the ward." 2 R. S. p. 33.

"Sec. 784. When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed five thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." 2 R. S. p. 205.

Personal property, it may be remarked, of the deceased, in certain contingencies, might go to the husband. And see 13 Ind. R., on p. 426.

The first point to be settled here is, was the death of Mrs. *Edmonds* caused by such a wrongful act as would have furnished a ground of action on account of personal injury to her, had she survived? We hold the affirmative. The act might have been sued for in tort by her, with her husband, had she survived, as it is now by her representative. 1 Chit. Pl. 134, 135.

This being the case, we inquire, in whom would have been the right of action? It would have been in the husband and wife jointly so long as they both lived, but would have existed in the wife alone on the death of the husband, the wife surviving. 1 Swann's Pr., 88, 89.—Reeve's Dom. Rel., 63.

Now, the above statute continues the right of action in the personal representative of a deceased, where the deceased might have sued if living; and two views here present themselves to the mind of the Court, as to the manner of this survivorship.

1. Where the disability of coverture does not exist, the right of action exists in the injured party, and survives to the representative of such party; and, as death terminates the coverture, the right of action survives to the representative alone of the deceased in cases like the present. Some of the members of the Court hold this position.

2. The right of action may be regarded as continued by the statute in the personal representative just as it existed in the deceased. Hence, in this case, it caused the right of action to survive to the representative of the wife, as one to be prosecuted jointly with the surviving husband; though under the statute, he would not have a right to settle the suit, nor control the proceeds of it, independent of the administrator; as the statute declares the use to be made of the proceeds of the judgment recovered.

Under this view, the conclusion would be, that the action is maintainable; but that it should have been brought in the joint names of the husband and administrator. Nevertheless, under the code, the non-joinder of the husband, in this case, will not be ground of reversal, because it was not specially raised as an objection below.

On the trial, the defendant proposed to impeach the character of the plaintiff's principal witness by proof of a single act of immorality. Permission to do so was rightly refused. Proof should have been offered of his general character for morality. See *Shattuck* v. *Myers*, 13, Ind. R. 46. In that case particular acts of immorality, on the part of a witness, were permitted; not for the purpose, however, of impeaching her moral character as a witness. The action was for seduction. The father, who brought the action, introduced the daughter as a witness; and it was held, that while, in her character as witness, she could only be impeached in the usual mode, through general questions, yet, in her character as the immediately injured party, and

the source of damages in the suit, immoral acts, showing that source to be impure, might be proved in mitigation of damages.

The Court, on the trial of the case at bar, correctly instructed the jury on the question of liability of the physician for unskillfulness.   He was liable for damages arising as well from the want, as from the want of application, of skill.   " It is the party's own fault if he undertakes without having sufficient skill, or if he applies less than the occasion requires."   Story on Bailments, § 431.   See *Conner* v. *Winton*, 8 Ind. R. 315; 3 Shars. Blacks. p. 122, and note, and p. 169.

On the subject of damages, the Court told the jury that the action was predicated "upon the injury to the deceased; and the amount of damages should be compensatory for the injury, short of the loss of life, which the law cannot estimate; that the jury might consider the pain and suffering of the deceased, but not the suffering of her parents, nor the suffering nor loss of the husband; that vindictive damages could not be given, nor an amount exceeding that laid in the complaint."

On the question of damages in this class of cases, the common-law rule must prevail.   Our statute differs materially from that of *New York*, under which *Oldfield* v. *The New York, &c., Co.*, 4 Kern. 310, was decided.

Where the action is by the husband, or master, or parent, for their individual losses respectively, occasioned by tortious acts towards the wife, infant child, or servant, the individual suffering of the immediate subject of the wrongful act, cannot be taken into account in the assignment of damages.   See *The Ohio, &c., Co.* v. *Tindall*, 13 Ind. R. 366.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

*J. S. Newman, O. Newman, J. P. Siddall, N. H. Johnson, G. W. Julian,* and *L. Develin,* for the appellant.