## GRANCIK v. RAJCANY, ADMINISTRATOR.

[No. 7,975.   Filed May 6, 1913.   Rehearing denied June 24, 1913. Transfer denied October 16, 1913.]

1. EXECUTORS AND ADMINISTRATORS.—*Action for Wrongful Death. —Damages.—Distribution.—Creditors.*—The right of action to recover for a wrongful death is not a part of the assets of the decedent's estate, and in such an action by the administrator the latter does not represent creditors of the estate, but acts as trustee for the purpose of collecting and disbursing the damages that

may be recovered to the widow and children or next of kin, for whose exclusive benefit the same inures. p. 276.

2. PRINCIPAL AND AGENT.—*Power of Attorney.*—*What Constitutes.* —An instrument signed by the widow of a decedent stating, "I give my permission to the administrator of my husband * * * that from the amount which he received * * * he shall pay * * * for funeral and other expenses," though designated as a power of attorney in another part of the instrument, was not a power of attorney, but merely the written consent of the widow to make the payments therein specified out of the designated funds. p. 277.

3. EXECUTORS AND ADMINISTRATORS.—*Action for Wrongful Death.* —*Damages.* — *Distribution.* — *Power of Widow.* — An administrator is bound to distribute the damages recovered in an action for the wrongful death of his intestate in the manner provided by §3018 Burns 1908, Acts 1899 p. 131, for the distribution of personal property, and the intestate's widow can neither pay, nor authorize the administrator to pay, a claim against the estate out of the entire fund thus recovered. p. 277.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Stephen Grancik against Benedict Rajcany, administrator of the estate of Andrew Grancik, deceased. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Milo M. Bruce,* for appellant.
*L. V. Cravens,* for appellee.

ADAMS, J.—Appellant filed his verified claim in the form of a complaint against appellee, as administrator of the estate of Andrew Grancik, deceased, in which he set out an itemized statement of funeral and other expenses in the sum of $314, which he claimed to have paid. It appears that the decedent left no estate whatever; that he was killed by a train run and operated by the Lake Shore and Michigan Southern Railroad Company, and appellee was appointed administrator of his estate, for the sole purpose of enforcing a claim for damages against the railroad company, for the negligent killing of decedent. A settlement was made with the railroad company for the sum of $1,100, which settlement was approved by the court. Payment of said sum by the railroad

company to appellee was made only by virtue of §285 Burns 1908, Acts 1899 p. 405, the whole amount of which, by the terms of the statute "must inure to the exclusive benefit of the widow * * * and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." Andrew Grancik left surviving him a widow and one child, who, under §285, *supra,* were entitled to receive the whole amount. No creditor could assert a claim against it, and the amount received was not liable for the payment of debts.

It has been held that an administrator in a case of this kind may be appointed for the sole purpose of bringing an action against a person or corporation, whose wrongful act or omission was responsible for the death of another. In such case, the administrator does not represent creditors of the estate, but acts as a trustee of those entitled to damages, and then only for the purpose of collecting and disbursing the same. The right of action is not a part of the assets of the estate, but such right may result in a fund, which is for the exclusive benefit of the widow and children or next of kin. *Toledo, etc., R. Co.* v. *Reeves* (1894), 8 Ind. App. 667, 672, 35 N. E. 199.

Appellant, however, does not claim as a creditor, but predicates his right to recover on an alleged power of attorney, purporting to be executed by the widow, in the words following:

"I, the undersigned, Mary Grancik, formerly Jelencik, from Pribus, Arva County, I give my permission to the administrator of my husband, Andrew Grancik, deceased, that from the amount which he received from the L. S. & M. S. R. R. Company, he shall pay to Stephen Grancik all the expenses what he had and can prove, with receipts, for funeral and other expenses. This power of attorney is made in the presence of two witnesses, and in the presence of the city judge. (Signed) Mary Jelencik Grancik, Widow. Andrew Kovacik, Judge. John Kovacik, Witness, Andrew Granci, Witness."

While the foregoing instrument is characterized as a power of attorney, no attorney in fact is named, no power is specifically delegated, and its execution is not acknowledged. At most, the instrument could only be considered as a written consent on the part of the widow that the administrator might pay out of the amount recovered from the railroad company such sum as appellant might be able to prove, by receipts, that he had paid out on account of funeral and other expenses.

The administrator was bound to distribute the $1,100 received from the railroad company in the same manner as he would distribute personal property of the decedent. This distribution, under §3018 Burns 1908, Acts 1899 p. 131, would be one-half to the widow and one-half to the child of the decedent. Obviously, the widow had no power to pay the claim of appellant out of the entire trust fund, or to direct the administrator to pay it. The instrument purporting to be a power of attorney, signed by the widow, does not authorize the administrator to pay appellant out of her distributive share, and the court had no authority to allow or order paid the claim of any creditor out of funds derived as in this case. After distribution, the widow could pay the claim of appellant, if she so desired, but while the trust fund remains in the hands of the administrator, it is not subject to her order. The judgment is affirmed.

Ibach, C. J., not participating.

NOTE.—Reported in 101 N. E. 745. See, also, under (1) 18 Cyc. 175; (2) 31 Cyc. 1229; (3) 13 Cyc. 380. As to damages for wrongful death, see 12 Am. St. 375; 70 Am. St. 669.