SHIPLEY, ADMINISTRATOR *v.* DALY.

[No. 16,127. Filed May 2, 1939.]

444

*J. M. Johns, Sam Shipley* and *Frank Hamilton,* for appellant.

*McFaddin & McFaddin* and *E. S. Huggins,* for appellee.

BRIDWELL, J.—On November 6, 1936, Edward P. Shipley was struck by an automobile operated by appellee, and suffered injuries from which he died. He left surviving him his widow, America Shipley. Appellant instituted this action against appellee to recover damages for the benefit of said widow, as authorized by our statutory law (Sec. 2-404 Burns' Ind. Stat. Anno. 1933, Sec. 51 Baldwin's Ind. Stat. 1934). Before any trial was had on the complaint filed, the surviving widow, America Shipley, died, and thereafter appellant filed a second paragraph of complaint, alleging, among other facts, the death of said widow, and by said second paragraph sought to recover hospital, medical and funeral expenses occasioned by the injury and death of said Edward P. Shipley, together with the costs of administration of the estate.

Appellee filed a plea in abatement which, omitting its formal parts, is as follows:

"Virginia Daly, the undersigned, represents and

says that she is the defendant in the above-entitled cause of action; that the only dependent of plaintiff's decedent surviving him was his widow, America Shipley, as disclosed by both paragraphs of the complaint herein filed; that said America Shipley, the widow of plaintiff's decedent, departed this life on April 21st, 1937, before any trial of this cause and before any judgment was rendered in this cause.

"WHEREFORE, this defendant moves the Court to abate this action with respect to each paragraph separately of the complaint."

In due course appellant filed demurrer to the plea in abatement, and before any ruling thereon dismissed the first paragraph of complaint. Thereafter, the court overruled appellant's demurrer, and he excepted, refused to plead further, and judgment was rendered against him "that this action do in all things abate, and that plaintiff take nothing by his complaint in this action," also, that defendant recover costs. This appeal followed. The error assigned is the overruling of the demurrer to the plea in abatement.

The statute here involved is as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she (as the case may be) lived, against the latter for an injury for the same act or omission. The action shall be commenced within two (2) years. The damages can not exceed ten thousand ($10,000), and, subject only to the provisions of this act hereinafter contained, must inure to the exclusive benefit of the widow or widower (as the case may be) and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased; Provided, however, That if such decedent departs this life leaving no such widow or widower, or dependent children or dependent next of kin, surviving her or him, such personal representative may nevertheless maintain such action and the damages, in such event, shall inure to the exclu-

sive benefit of the person or persons furnishing hospitalization or hospital services in connection with the last illness or injury of decedent not exceeding two hundred dollars ($200), performing medical or surgical services in connection with the last illness or injury of the decedent not exceeding one hundred dollars ($100) ; to the undertaker for the funeral and burial expenses, not exceeding three hundred dollars ($300), and to the personal representative, as such, for the costs and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee, not exceeding two hundred and fifty dollars ($250) ; and in case of a death under such circumstances, and when such decedent leaves no such widow, widower, or dependent children, or dependent next of kin, surviving him or her, the measure of damages to be recovered shall be the total of the reasonable value of such hospitalization of (or) hospital service, medical and surgical services, such funeral expenses, and such costs and expenses of administration, including attorney fees, not exceeding the total amount of eight hundred and fifty dollars ($850) ; Provided, however, That this act shall not in any way limit or lessen the liability or right of recovery under the law as it now exists before the passage of this act."

The right of action given by this statute is not a continuation of any action existing in favor of the deceased person prior to his death, but is a new right of action which exists only by virtue of the statute creating it, and accrues on the death of the decedent. It must be prosecuted by the personal representative of the deceased, and since 1933, when the statute was amended to so provide, such representative may prosecute an action, and, if the facts warrant it, recover damages which will inure to the benefit of one or the other of three classes of persons. Prior to the amendment of 1933, there were but two classes of persons in whose interest such an action would lie, to-wit: First, the widow, or widower (as the case may be) and children, if there be such persons; and second,

other persons who are next of kin and have suffered a pecuniary loss. Since then "if such decedent departs this life leaving no such widow, or widower, or dependent children, or dependent next of kin, surviving him or her, such personal representative may nevertheless maintain such action, and the damages, in such event shall inure to the exclusive benefit" of the third class of persons designated by the statute as among those who may derive benefit from the successful prosecution of such action. The damages recoverable "when such decedent leaves no such widow, widower, or dependent children, or dependent next of kin, surviving him or her" are limited to the reasonable value of the hospital, medical, and surgical service, funeral expenses, and costs of administration, not exceeding the total amount of $850.00. (By Amendment of 1937, this amount is increased to $1,150.00. Acts 1937, ch. 292, sec. 3, p. 1341.)

As heretofore stated, the right of action accrues upon the death of any person whose death results from injuries suffered by reason of the wrongful act or omission of another. In the instant case, as appears from the allegations in the pleadings filed by the respective parties, a widow survived, and the right granted by the statute inured to her benefit, to the exclusion of all others. She, having died before trial, and there being other persons in whose behalf an action might have been maintained had there been no widow, does all right of recovery terminate with the death of the widow? We are of the opinion that the question should be answered affirmatively. Statutes of this character are in derogation of the common law, and may not properly be extended beyond the legitimate meaning of the words employed in them. In the instant case, when the right of action accrued, the widow was the surviving person named by our statute as the bene-

ficiary of the right granted. The right of action existed for her benefit alone, and there was no right of action for the benefit of any other person or persons. We find nothing in the statute which can reasonably be construed as granting to any other person any right of action upon the death of the widow. No provision is made for a contingency of this character. To hold that, upon the death of the surviving widow, the special representative of the decedent might, either by an additional paragraph of complaint or by a new suit, prosecute an action to recover in behalf of those mentioned in the proviso of the statute, and for whom recovery is here sought, would be to disregard the plain and express wording of the statute which permits such recovery only when there is no widow, widower, children, or next of kin.

Our attention is directed by appellant to that part of the amendatory act of 1933 (hereinbefore quoted) which provides "that this act shall not in any way limit or lessen the liability or right of recovery under the law as it now exists before the passage of this act." It is contended that it was the intention of the Legislature to "enlarge the liability of a person causing death by a wrongful act." This is undoubtedly true, and such is the result of the legislation. Prior to the passage of the amendatory act, both courts of review of this state by a unanimity of decision have held that no part of the funds recovered in such an action were available for the payment of indebtedness incurred by reason of the injury and death. There was no liability against the party who was chargeable with the wrongful act for hospital, medical, or surgical expenses under any condition which might exist. It is, and, at the time the statute involved was passed, it was a matter of common knowledge that many persons died as the result of injuries so inflicted,

leaving no widow, widower, children, or next of kin surviving. The need for proper attention following the injury of any such person, and for his burial, furnished a sufficient motivating cause for the legislation in question.

There is but one cause of action created by the statute, and, as heretofore stated, it accrues upon the death of the injured party, and inures for the benefit of those named in the statute in the order therein stated, as of the date of death, and not otherwise. If there be no survivors of the first class, the right is for the benefit of those of the second class, if any, and if none, then for the benefit of those of the third class, but the right when it once accrues does not pass upon the death of those of one class of persons to the next class, since the right given is a statutory one, and the statute does not so provide.

For cases discussing phases of the subject-matter herein considered, and supporting the conclusion reached, see *Dillier, Administratrix* v. *Cleveland, etc., R. Co.* (1904), 34 Ind. App. 52, 72 N. E. 271; *Pittsburgh, etc., R. Co.* v. *Reed, Admr.* (1909), 44 Ind. App. 635, 88 N. E. 1080; *Granick* v. *Rajcany, Administrator* (1913), 54 Ind. App. 274, 101 N. E. 745; *Lese* v. *St. Joseph Valley Bank, Administrator* (1924), 81 Ind. App. 517, 142 N. E. 733; *Cincinnati, etc., R. Co.* v. *McCullom, Admr.* (1915), 183 Ind. 556, 568, 109 N. E. 206; *City of Indianapolis* v. *Willows, Admr.* (1935), 208 Ind. 607, 613, 614, 194 N. E. 343.

The judgment is affirmed.