## DILLIER, ADMINISTRATRIX, v. CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY.

[No. 3,488. Filed November 17, 1904.]

1. DEATH BY WRONGFUL ACT.—*Action.*—*Parties.*—An action under §284 R. S. 1881 for damages for the death of decedent by defendants wrongful act, must be brought and maintained to the end by such decedent's personal representative, and the damages recovered are held for the benefit of, first, the widow and children, if there be such, and, second, the next of kin to said decedent.    p. 55.

2. ABATEMENT AND REVIVAL.—*Death by Wrongful Act.*—*Survival· for Widow and Next of Kin.*—An administrator can not maintain an action against the defendant for damages for the death of his decedent by defendant's wrongful act, where it is shown that such decedent left surviving a widow, who died pending the action and before judgment, and two brothers and a half brother, but no children, and where it is shown that such brothers and half brother did not depend upon such decedent for support nor have any pecuniary interest in his life.    p. 56.

3. ACTION.—*Creation of by Statute.*—*Construction.*—The right of action given by §285 Burns 1901, Acts 1897, p. 227, is a new and independent one, and not merely a continuation of the old action pending at the death of the injured person.    p. 58.

4. ACTION.—*Death of Beneficiary.*—*Abatement.*—Where the beneficiary in a statutory action for damages for decedent's death dies, such action abates. p. 58.

From Delaware Circuit Court; *G. H. Koons,* Judge.

Action by Dove S. Dillier, as administratrix *de bonis non* of the estate of William H. Fortner, deceased, against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for defendant *non obstante veredicto,* plaintiff appeals. *Affirmed.*

*G. W. Cromer, N. N. Spence, Frank Ellis* and *J. T. Walterhouse,* for appellant.

*J. T. Dye,* for appellee.

BLACK, C. J.—This was an action to recover damages for the death of William H. Fortner, the appellant's intestate, caused by the appellee "violently, wrongfully, unlawfully and negligently" running its locomotive engine against him when he was crossing the railroad upon a street in the city of Muncie, Delaware county. Ongolia Fortner, widow of the intestate, became the administratrix of his estate, and as such instituted the action. Upon suggestion of her death, the appellant, Dove S. Dillier, administratrix *de bonis non* of the estate of William H. Fortner, deceased, was substituted as the plaintiff, and an amended complaint was filed by her, in which it was alleged, among other things, that the intestate left surviving him his widow, Ongolia Fortner, who was dependent upon him for support, and also left surviving him his three brothers, named, who were alleged to have been dependent upon him for support, and to be still living. On motion of the appellee, the court rendered judgment in its favor upon the special findings of the jury in answer to interrogatories returned with a general verdict in favor of the appellant.

It appears from the answers of the jury that the intestate left surviving him his widow, above named, and that the blood relations surviving him were his two brothers and

one half-brother, named, being the persons mentioned as his brothers in the amended complaint; that he never had any children; that his widow had died more than one year after the commencement of this action; that she had no children. Being asked who lived with the intestate, dependent upon him for support, the jury answered, "His wife, Ongolia Fortner." Being asked to give the names of the person or persons dependent upon the intestate for support at and just before the time of his death, the jury answered, "Ongolia Fortner, his wife." An interrogatory was as follows: "If prior to his death Fortner had been rendering aid and assistance in the keeping or support of any person or persons, then give the names of such person or persons." To this the jury answered, "Ongolia Fortner." Another interrogatory was as follows: "If he had rendered aid and assistance in the support of any person or persons, were they related to him, and if so, what relation?" To which the jury answered, "His wife." To the question, "Who lost the means of support by the death of the intestate?" the answer was, "His wife." The jury found that the sum of $1,000 was the actual pecuniary or money damages sustained by any and all persons who lost by his death; that his wife sustained pecuniary or money damage in that amount (which was the sum awarded the appellant by the general verdict).

It thus appears that the jury specially found that the only person who suffered any pecuniary loss through the death of the intestate was his widow, who had died since the commencement of the action, and therefore that his next of kin did not suffer any pecuniary damage, this action, commenced by the personal representative during the lifetime of the widow, having been prosecuted to verdict by the administratrix *de bonis non* of the estate of the deceased husband after the death of the widow; that he left surviving him no children or descendants of children, but left, as the blood relations surviving him, two brothers and a half-

brother, to whose support he had not rendered any aid or assistance, and who did not suffer any pecuniary loss through his death. Our statute for such an action, in force at the death of the intestate, and at the death of his widow, provided: "When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages can not exceed $10,000, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." §285 Burns 1894, §284 R. S. 1881. An amendment of this section in 1899 (§285 Burns 1901, Acts 1899, p. 405) does not change the law applicable to such a state of facts as here involved. It is provided that in all cases where actions survive they may be commenced by or against the representatives of the deceased to whom the interest in the subject-matter of the action has passed (§282 Burns 1901, §281 R. S. 1881); also, that a cause of action arising out of an injury to the person dies with the person of either party, "except in cases in which an action is given for an injury causing the death of any person, and actions for seduction, false imprisonment, and malicious prosecution" (§283 Burns 1901, §282 R. S. 1881); and that all other causes of action survive, and may be brought by or against the representatives of the deceased party, except actions for promises to marry (§284 Burns 1901, §283 R. S. 1881).

1. The action must be brought, and must be maintained to the end, by the personal representative of the person for whose death the damages are sought. He pursues the remedy, not for the benefit of his decedent's estate, but as a convenient trustee specially designated by the statute to recover and distribute the damages for the

beneficiaries recognized as such by the statute. Of these there are two classes: First, the widow and children, if there be such persons; and, second, other persons who are next of kin to the person for whose wrongful death the action is maintained. If there be persons entitled to damages of this first class, the damages would be awarded for the exclusive benefit of such persons. Persons of the second class would not be entitled to damages, and there could be no recovery for their benefit, if there were persons of the first class entitled.

2. The right of action accrues upon the death of the intestate. The widow of the appellant's intestate survived him, and, there being no children, the right of action existed for her benefit alone, and there never was any right of action for the benefit of the brothers or "next of kin" of the intestate. Besides, in any event, there could be no recovery for their benefit, as it sufficiently appears that they were not dependent upon him for support, and had no recognizable expectancy of pecuniary benefit from the continuance of his life. The recovery awarded by the general verdict was not given by the jury for their benefit. For whose benefit, then, was it intended, the widow, the sole beneficiary at the accruing of the action, being dead?

The damages recovered at the suit of the personal representative, while not held by him for the decedent's estate, are to be distributed by him exclusively to the widow and children of his intestate, or to the next of kin of his intestate, in the same manner as that in which he, as executor or administrator, would distribute to them the personal property of his intestate's estate. When the widow died the action in which she had been the equitable plaintiff could not be revived or prosecuted further by her personal representatives for the benefit of her estate, but, if further maintainable, could be carried on only by the personal representative of her deceased husband. If damages recovered by the personal representative in such case were

paid over by him to the personal representative of the deceased widow, in what capacity, or for what uses or purposes, would he receive them? If he should use and distribute them as executor or administrator of the deceased widow's estate, he would pay them out to her creditors and the distributees of her estate. She had no children, and her heirs could not be the heirs of the deceased husband, or persons to whom the appellant could distribute personal property of his intestate.

If damages recovered by the appellant should be by him paid to the personal representative of the widow or to her heirs at law, the damages would inure to persons not contemplated by the statute as beneficiaries—persons who were not dependent upon the appellant's intestate, or entitled to anticipate pecuniary benefit from the continuance of his life. Unless at the commencement of the action, and also at the time of awarding the damages, there be living some person or persons of whom it can be said that the law implies damage from the death of the plaintiff's decedent, or who, being next of kin to him, may be said to have suffered pecuniary loss through his death, there can be no recovery under the statute.

If the action had been commenced for the benefit of children of the intestate, as well as his widow, then upon the death of the widow, who was also the administratrix originally prosecuting the suit, it doubtless might have been further continued by an administrator *de bonis non* for the benefit of the surviving children; but it appears that upon the death of the widow there was no person for whose benefit the action could properly be maintained.

The exception in §283, *supra,* of "cases in which an action is given for injury causing the death of any person" seems to be intended to limit the preceding provision, that "a cause of action arising out of an injury to the person dies with the person of either party," only to the extent to which rights of action for injury causing death given by

other statutory provisions are inconsistent with the preceding part of that section; that is, that the death of the injured person, notwithstanding such preceding portion of the section, shall not destroy the right of the person or persons authorized by other statutes to sue the wrongdoer as in such other statutes provided. Except, however, so far as the terms themselves of such other statutes are inconsistent with the preceding portion of the section, a cause of action arising out of personal injury dies with the person of either party.

3. The statutes authorizing actions for death caused by wrongful act or omission are in derogation of the common law, and may not properly be extended beyond the legitimate meaning of the words employed in them. The action under §285 Burns 1901, Acts 1889, p. 405, will not lie unless the plaintiff's decedent, if living, might have maintained an action for the injury. Yet the action brought by the personal representative is different in its purposes and results from an action brought by the injured person himself. The right of action of the person injured dies with his person. If such an action be pending, it abates at his death. The exception in §283, *supra,* does not save it from the operation of the preceding part of that section. The right of action in his personal representative under §285, *supra,* is a new and independent one, and the action of the personal representative is not merely a continuation of such action pending at the death of the injured person. *Hilliker* v. *Citizens St. R. Co.* (1899), 152 Ind. 86; *Pittsburgh, etc., R. Co.* v. *Hosea* (1899), 152 Ind. 412; *Stout* v. *Indianapolis, etc., R. Co.* (1872), 41 Ind. 149; *Indianapolis, etc., R. Co.* v. *Stout* (1876), 53 Ind. 143.

4. In *Hamilton* v. *Jones* (1890), 125 Ind. 176, it was held that the action under §285, *supra,* can not be maintained against the personal representative of the wrongdoer, as a claim against his estate. If the exception in §283, *supra,* can not be regarded as saving the cause of

action from extinction in case of the death of the wrong-
doer, neither can it be regarded as saving it in case of the
death of all the beneficiaries for whom alone the action is
maintainable. If there be any right in the personal repre-
sentative, in whose name the action must be brought and
maintained, to pursue the statutory remedy after the death
of the beneficiary, such right must be found in the terms of
our statutes. The right and the remedy being provided by
statute, the right must be pursued in the mode indicated by
the statute, and not otherwise. See *Loague* v. *Railroad*
(1892), 91 Tenn. 458, 19 S. W. 430. In Tiffany, Death
by Wrongful Act, §87, it is said: "The action for death,
being an action of tort, falls within the common law rule
that such an action does not survive the death of the party
in whose favor it existed. It is immaterial that the nominal
plaintiff is the administrator or the state." In a note to
§87, it is pointed out that the remark in *Jeffersonville, etc.,
R. Co.* v. *Hendricks* (1872), 41 Ind. 48, 77, that the chil-
dren of daughters of the intestate dying after the commence-
ment of the action would inherit the share of such deceased
daughters, was a dictum upon a matter not involved in the
decision. Such unnecessary expressions in that case or other
cases in the reports can not be regarded as controlling de-
cisions.

"The provisions of statutes allowing actions of tort to
survive are strictly construed, so as not to extend the excep-
tions beyond the clear intent of the legislature." *Wood-
ward* v. *Chicago, etc., R. Co.* (1868), 23 Wis. 400. In
that case it was also said: "The position that the action
does not abate because the nominal plaintiff, the adminis-
trator, still lives and is ready and willing to prosecute it,
seems scarcely worthy of serious thought. The adminis-
trator is a mere trustee, so made by the statute, with power
to sue for the benefit of his *cestui que trust,* or the person
beneficially interested. He has no right except in virtue of
the right of the real party in interest, and if the right of

that party is lapsed or lost, so that no recovery can be had upon it, it follows that the action can be no longer maintained. As already observed, whether there is a person in being entitled, under the statute, to the money recovered, *and whom the administrator represents* (our italics) is one of the facts in issue, which must be proved before any recovery can be had. It appears that the person so entitled died, and that the right of action expired with him; and for that reason, if for no other, the judgment of nonsuit must be affirmed."

In *Railroad* v. *Bean* (1895), 94 Tenn. 388, 29 S. W. 370, it was held, under the statutes of Tennessee, that the exclusive beneficiary was that person or class of persons who were entitled to the recovery at the death of the deceased, when the cause of action accrued. The statutes gave the right of action to the widow, and in case there was no widow to the children of the deceased, or to his personal representative, for the benefit of the widow or next of kin, free from the claims of creditors. In that case the deceased left no children, but left surviving him his widow and his father. The action was brought, as it might be under the statutes, by the administrator, the widow being named as the beneficiary in the declaration. The widow having died, the question was whether upon her death the suit abated or might still be prosecuted for the benefit of the father, the next of kin. It was said: "The right of recovery having once vested in the widow, it did not pass, upon her death, to her personal representative; neither did it revert in the next of kin of deceased, for the reason that no provision is made in the statute for such contingency. The cause of action, upon the death of the person to whom it survived, or for whose benefit it might be prosecuted, was thereby extinguished. * * * The right of action, however, does not pass to any person or survive to any beneficiary excepting those appointed in the statute as entitled to the recovery when the cause of action accrued."

· When an action is authorized by statute, to be brought by an individual in his or her own right, as a parent, what may properly be said as to the right of his or her personal representative to maintain the action for recovery on account of what may be regarded as loss to the estate we need not here determine. We are of the opinion that the action under §285 Burns 1901, is not maintainable for any purpose after the death of all persons for whose exclusive benefit, under the terms of that section, the right of action accrued upon the death of the injured person, whether the death of such beneficiaries be before action brought, as provided in that section, or during its pendency.

The proper result was reached in the court below. Judgment affirmed.