**Kathleen Lynn BEMENDERFER, M.D., Appellant (Defendant Below),**

v.

**Lois Emogene WILLIAMS, Personal Representative of the Estate of Hoy Sturgeon, Deceased, and Lois Emogene Williams, Administratrix of the Estate of Dorothy L. Sturgeon, Deceased, Appellees (Plaintiffs Below ).**

No. 49S02–0005–CV–296.

Supreme Court of Indiana.

April 10, 2001.

Karl L. Mulvaney, Nana Quay–Smith, Daniel R. Fagan, Candace L. Sage, Indianapolis, IN, Attorneys for Appellant.

Scott R. Severns, Thomas R. Ruge, Brian A. Statz, Indianapolis, IN, Attorneys for Appellees.

## ON PETITION TO TRANSFER

BOEHM, Justice.

We hold that the wrongful death statute does not operate to preclude the statutory beneficiary who dies before judgment from recovering wrongful death damages. And, as we also held today in *Durham v. U–Haul International,* 745 N.E.2d 755 (Ind.2001), under the wrongful death statute loss of consortium damages may be recovered beyond the date of death of the injured spouse for the life expectancy of the deceased spouse or surviving spouse, whichever is less.

## Facts and Procedural Background

In 1991, Dorothy Sturgeon shared her home with her eighty-year-old husband, Hoy Sturgeon, who suffered from both Parkinson's disease and Alzheimer's disease. In March of that year, Dorothy contacted her family physician about post-menopausal bleeding. She was referred to Dr. Kathleen Bemenderfer, who performed a dilation & curretage (D & C). The bleeding did not ease, and Dorothy was again referred to Bemenderfer in December of 1992. Bemenderfer recommended another D & C, a hysterectomy, and a laparoscopic examination.[1] A laparoscopy was performed on an outpatient basis on December 21. Lois Emogene Williams, Dorothy's daughter, cared for her mother after the surgery. The day after the procedure, Williams contacted Bemenderfer's office to report that Dorothy was continually vomiting and complaining of pain. She was not allowed to speak directly to Bemenderfer, but Bemenderfer prescribed a different pain medication. The following day, Williams called an ambulance because Dorothy's lips and fingernails were blue, her skin was clammy, and Williams believed she had gone into shock. Dorothy had emergency surgery, but died early the next morning on December 24. The surgeon determined that Bemenderfer had punctured Dorothy's colon during the laparoscopy, leaving a one-centimeter hole through which feces passed into her abdominal cavity. Hoy and Williams filed a proposed medical malpractice complaint with the Indiana Department of Insurance on June 3, 1993, and filed this action in Marion Superior Court on October 21, 1994.

Since Hoy's diagnosis of Alzheimer's in 1990, Dorothy had cared for Hoy in their home. When she died, Hoy was admitted to a nursing home. Hoy did not fare well at the home. He was unable to understand that his wife had died, and spent his time wandering the halls searching for Dorothy and calling out her name. His

---

1. A laparoscopic examination is a procedure by which a fiber-optic instrument is inserted through an incision in the abdominal wall in order to examine the interior of the peritoneal cavity.

health steadily deteriorated, culminating in his death on April 9, 1995. Williams was the Sturgeons' only child and is the personal representative of both of their estates. Williams was substituted as the plaintiff in Hoy's action after his death.

After Hoy died, Bemenderfer moved for partial summary judgment, alleging that under the wrongful death statute Dorothy's estate is entitled only to Dorothy's medical, hospital, funeral, and burial expenses. She contended that all other items of damage were foreclosed by Hoy's death prior to the date of judgment. Bemenderfer also contended that Hoy's estate may recover on the loss of consortium claim only for the three days between Dorothy's surgery and her death because a loss of consortium claim does not survive beyond the date of the injured spouse's death. ·

 The trial court initially granted Bemenderfer's motion. Upon reconsideration, however, the trial court vacated its ruling. The Court of Appeals affirmed the denial of partial summary judgment, concluding that: (1) the death of a surviving beneficiary during the pendency of a lawsuit does not limit wrongful death damages to medical, hospital, funeral, burial, and administrative expenses; and (2) loss of consortium damages are recoverable be-

yond the date of the injured spouse's death when death is the result of the tortfeasor's negligence. *Bemenderfer v. Williams*, 720 N.E.2d 400, 407–08 (Ind.Ct.App.1999).[2]

### Standard of Review

On appeal, the standard of review of a denial of a motion for partial summary judgment is the same as that used in the trial court. *Premier Invs. v. Suites of America, Inc.*, 644 N.E.2d 124, 127 (Ind. 1994). Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Ind.Trial Rule 56(C); *Shell Oil v. Lovold Co.*, 705 N.E.2d 981, 983–84 (Ind.1998). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. T.R. 56(H); *Rosi v. Business Furniture Corp.*, 615 N.E.2d 431, 434 (Ind.1993).

### I. Beneficiaries Under the Wrongful Death Statute

 Williams argues that the plain language of the wrongful death statute requires only that the statutory beneficiary survive the wrongful death victim in order to recover for wrongful death. Bemenderfer counters with case law stating that a

---

**2.** We note that the proper procedure to arrive at this Court was not followed here. The trial court denied Bemenderfer's motion for partial summary judgment. In order to appeal from a denial of a motion for partial summary judgment, the trial court is required to certify its order for interlocutory review and the Court of Appeals must accept jurisdiction pursuant to Appellate Rule 4(B) (now App. R. 5). Here, the parties provided and the trial court signed an "Agreed Final Judgment and Agreement Preserving the Issue of the Appropriate Measure of Damages" in an attempt to create a final appealable judgment pursuant to 54(B). An "Agreed Judgment" represents an agreement of the parties, not a judgment of the court. Thus, absent fraud, it is not ap-

pealable. *See, e.g., State v. Huebner*, 230 Ind. 461, 467–68, 104 N.E.2d 385, 387–88 (1952). But because it is clear that the trial court intended for its order to be appealable and the Court of Appeals, by issuing an opinion, has accepted appellate review of the trial court's order, we exercise our discretion to ignore this procedural irregularity because only further delay in the disposition of this matter would be generated by sending it back to the trial court for proper certification. *Cf. Polk v. State*, 683 N.E.2d 567, 569 n. 3 (Ind. 1997) (exercising inherent authority and addressing merits of case even though jurisdiction as direct appeal was lacking because sentence was not greater than fifty years).

beneficiary must survive until judgment in order to recover under the statute if damages are not to be limited to reasonable medical, hospital, funeral, and burial expenses.

In 1904, the Court of Appeals addressed the same issue under the general wrongful death statute in force at that time and held:

> Unless at the commencement of the action, and also at the time of awarding the damages, there be living some person or persons of whom it can be said that the law implies damage from the death of the plaintiff's decedent, or who, being next of kin to him, may be said to have suffered pecuniary loss through his death, there can be no recovery under the statute.

*Dillier v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.*, 34 Ind.App. 52, 57, 72 N.E. 271, 273 (1904). In *Dillier*, the deceased's wife survived him and commenced a wrongful death action, but died before verdict. Although the wife had three surviving brothers, a jury concluded that his wife was the only one dependent on him for support. The court concluded that the wife was the only person statutorily entitled to recovery. Because she was no longer living at judgment, there were no beneficiaries for whom the wrongful death action could be maintained. *Id.* at 57, 72 N.E. at 273–74.

Several cases have since cited *Dillier* for the proposition that the surviving beneficiary's right to wrongful death damages abates if the beneficiary dies before verdict. *Wabash R.R. Co. v. Gretzinger*, 182 Ind. 155, 169, 104 N.E. 69, 75 (1914) ("[A]

cause of action under the statute ... in favor of a sole beneficiary would not survive the death of such person."); *Thomas v. Eads*, 400 N.E.2d 778, 781 (Ind.Ct.App. 1980); *Shipley v. Daly*, 106 Ind.App. 443, 447–48, 20 N.E.2d 653, 655–56 (1939); *Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co. v. Reed*, 44 Ind.App. 635, 643–45, 88 N.E. 1080, 1082 (1909). Only one of these cases, *Shipley*, addressed the precise issue presented by this case and *Dillier*. In *Shipley*, as in *Dillier*, the Court of Appeals denied recovery on behalf of a surviving spouse who died before trial. 106 Ind.App. at 447–48, 20 N.E.2d at 655. The disposition of the other three cases did not turn on an analysis of *Dillier*'s holding that a beneficiary must survive until judgment.[3]

In 1891, the Court of Appeals held that under the survival statute the action of a father for the wrongful death of a child does not abate upon his death. *Pennsylvania Co. v. Davis*, 4 Ind.App. 51, 54–55, 29 N.E. 425 (1891). *Davis* dealt with the same sections of the survival statute that *Dillier* addressed, but nevertheless concluded that the executrix could continue the action. There is no significant distinction between the child wrongful death statute and the general wrongful death statute for these purposes. In *Jeffersonville, Madison & Indianapolis Railroad Co. v. Hendricks*, 41 Ind. 48, 75–76 (1872), this Court approved a jury instruction that provided: "[T]he death of one or more of [the victim's] children occurring after suit is brought, although such deceased children may have left children of their own,

---

**3.** In *Gretzinger*, this Court held that the wrongful death action did not abate as a result of the widow's remarriage. 182 Ind. at 169–70, 104 N.E. at 75. *Reed* is a case in which the wrongful death victim was survived by children, but not a spouse and deals with the propriety of certain jury instructions. 44 Ind.App. at 635, 88 N.E. at 1080. *Thomas*, the only case citing *Dillier* since 1939, does not persuade us otherwise. In *Thomas*, both the wrongful death victim and the beneficiary died as a result of the same car accident, but the beneficiary "survived" the wrongful death victim by one half hour. 400 N.E.2d at 779.

does not abate the suit...." The Court went on to explain that the action would abate if there were no surviving spouse, children, or next of kin, but that the shares of any deceased daughters would simply pass to their off-spring. *Id.* at 77. Thus, this Court appears to have assumed that the only requirement to take under the wrongful death statute is that the beneficiary survive the wrongful death. Given this conflict, we do not find a consistent body of decisional law that suggests legislative satisfaction with *Dillier.* In this respect, the courts' handling of this issue is unlike the consistent judicial interpretation we found present in *Durham v. U–Haul International,* 745 N.E.2d 755, 758 (Ind. 2001).

The statute has been amended since *Dillier.* The wrongful death statute now reads in relevant part:

That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall ... inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased. If such decedent depart this life leaving no such widow or widower, or dependent children or dependent next of kin, surviving her or him, the damages inure to the exclusive benefit of the person or persons furnishing necessary and reasonable hospitalization or hospital services....

Ind.Code § 34–23–1–1 (1998).

These changes also suggest that *Dillier* rests on reasoning that is not persuasive under the current statutory scheme. First, the phrase "if such decedent depart this life [without statutory beneficiaries]" was added in 1933 as a proviso dealing with the disposition of a decedent's assets in the absence of survivors. Ind.Code Ann. § 34–1–1–2 (West 1983), Historical Note, *superseded by* § 34–23–1–1. It applies only if the decedent leaves no spouse or dependent beneficiaries. If there is a surviving spouse or dependent, "the remainder of the damages" after expenses inures to the benefit of the surviving spouse or dependent beneficiary. Since 1852, it has been the general rule in Indiana that the wrongful death action may be brought by the personal representative and that damages "inure to the benefit of the widow and children, if any." 2 G. & H. 330, § 784 (1870). There is no suggestion in this version of the statute that the cause of action expires if the surviving spouse or beneficiary dies before the wrongful death action is prosecuted to its conclusion.

The wrongful death statute addressed by the *Dillier* court did not contain that provision. The court concluded that, because the statute was in derogation of the common law, the statute could not be extended beyond "the legitimate meaning of the words employed," and that if the right of the beneficiary to bring the action were to continue, this right would have to be expressly provided by statute. *Dillier,* 34 Ind.App. at 58–59, 72 N.E. at 273–74. The language of the statute now expressly suggests that survival of the statutory beneficiary to the wrongful death victim's death, and not until judgment, is a prerequisite to recovering damages under the statute.

Second, *Dillier* relied on the fact that under the survival statute at that time, a cause of action for personal injury did not survive beyond the death of the wrongdoer. Thus, the court reasoned, it would not make sense for a cause of action to survive beyond the death of the beneficia-

ry either. *Id.* at 58–59, 72 N.E. at 273–74. Whatever the merits of this logic, its premise is no longer valid. Under the current survival statute, defendant's death ordinarily has no effect on the plaintiff's right to maintain the action. *See* Ind.Code § 34–9–3–1 (1998) (actions for libel and slander, among others, are exceptions to the rule that a cause of action accruing before the death of the plaintiff or defendant survives). *Dillier* relies on reasoning no longer persuasive in view of subsequent legislative amendments to the Wrongful Death Act.

Bemenderfer argues that, because the purpose of the wrongful death statute is to compensate those who have suffered pecuniary loss rather than to punish wrongdoers, policy dictates that there should be no recovery where there is no remaining spouse or dependent beneficiary. *Dillier* shared this concern, concluding that allowing recovery after the death of the beneficiary would mean that damages would inure to the benefit of someone not contemplated by the statute. 34 Ind.App. at 57, 72 N.E. at 273. Williams responds that it would run counter to public policy to allow an elderly or infirm person's short life-expectancy to inure to the benefit of a tortfeasor. Williams also points out that permitting the death of the plaintiff to terminate the claim creates an incentive for tortfeasors and their insurers to stall litigation in the hopes that the beneficiary will die before judgment.

We agree with Williams that the policy concerns cited by the parties are at least in equipoise, and perhaps favor Williams. The circumstances of this case illustrate that point. Hoy was eighty-two and suffering from Alzheimer's and Parkinson's when his wife died. He lost his life-long companion and caregiver. When Dorothy died, Hoy was placed in a nursing home and soon deteriorated to the point that he could not comprehend his wife's death and lost all will to live. This human tragedy was compounded by its financial effect. Hoy's estate was depleted by the additional expenses, and this loss was ultimately visited on his heirs. The wrongful death defendant should not benefit from the early death of a beneficiary, and certainly not from a death that was likely accelerated by a defendant's own wrongdoing. At least under these circumstances, the very purpose of the law invoked by Bemenderfer—compensation of pecuniary loss—is furthered by allowing recovery. The wrongful death defendant should not be allowed to avoid compensation to a beneficiary merely because the beneficiary, as an elderly person profoundly affected by the death of a spouse, is more vulnerable than the average person. It is a staple of tort law that the tortfeasor takes her victim as she finds him. *E.g., Botek v. Mine Safety Appliance Corp.*, 531 Pa. 160, 611 A.2d 1174, 1177 (1992).

Requiring that the beneficiary survive to the date of judgment would also create a cut-off that is arbitrary and unsupported by statute. The survivor statute was enacted in the same law that contained the wrongful death statute. It provides: "[I]f an individual who is entitled or liable in a cause of action dies, the cause of action survives and may be brought by or against the representative of the deceased party...." Ind.Code § 34–9–3–1 (1998). Thus, the plain language of the survival statute tells us that a cause of action, once accrued, does not abate. The survival statute and the wrongful death statute must be construed together. There is nothing in the wrongful death statute that contravenes the direction of the survival statute that Hoy's claim, once accrued, survived. Nor does Bemenderfer point to anything in either the wrongful death statute or survival statute that suggests that

survival to verdict is a prerequisite to recovery contemplated by the legislature. As with statutes of limitations, it is uniquely within the legislature's power to establish a cut-off if it determines that a cut-off is reasonable. Because the plain language of the statute requires only that the beneficiary survive the wrongful death victim and because in our view policy concerns advise in favor of allowing Hoy's estate to prosecute his claim, we hold that the statutory beneficiary's claim does not abate if death ensues prior to verdict.

In sum, the legislature is of course free to limit recovery to statutory beneficiaries who survive until judgment, as Bemenderfer urges. But we conclude that it has not done so. Because we conclude that Hoy's damages did not abate upon his death, and because, as an heir, Williams stands to recover those damages, we do not address the Court of Appeals' conclusion that *Dillier* establishes that Williams may bring a separate action to recover her pecuniary losses. *Bemenderfer,* 720 N.E.2d at 405. It is also unnecessary to address the Court of Appeals conclusion that because Hoy could have proceeded directly under the Medical Malpractice Act, his claim survives his death under the survival statute. *Id.* at 407.

## II. Loss of Consortium

■ Williams maintains that loss of consortium damages should be assessed for the period of time between Dorothy's death and Hoy's death. Bemenderfer claims that to the extent loss of consortium damages are appropriate, they may be recovered only for the three days between Dorothy's surgery and her death because a loss of consortium claim does not continue beyond the date of the injured spouse's death.

■ As we explained today in *Durham v. U–Haul International,* although the common law rule may have been that loss of consortium damages are not recoverable after the date of the injured spouse's death, loss of consortium damages have long been recoverable beyond this date under the wrongful death statute. 764 N.E.2d 745, 755 (Ind.2001). As a matter of common law, the loss of consortium claim is extinguished upon Dorothy's death because the wrongful death statute provides the sole basis for recovery for a death caused by the defendant. But under the wrongful death statute, a surviving spouse may recover damages beyond the date of the death if caused by the tortfeasor. Thus, Hoy or his successor in interest is entitled to recover loss of consortium damages as a common law claim for December 21, 1992 to December 24, 1992 and under the wrongful death statute for the period from December 24, 1992 to the end of his life expectancy as of that date.

### Conclusion

We affirm the trial court and remand for proceedings consistent with this opinion.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.