**FILED**

Jun 14 2018, 5:41 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANTS

Timothy S. Schafer
Timothy S. Schafer, II
Todd S. Schafer

Schafer & Schafer
Merrillville, Indiana

ATTORNEYS FOR APPELLEE:
ST. MARGARET MERCY
HEALTHCARE CENTERS, INC.

Libby Yin Goodknight
Krieg DeVault LLP
Indianapolis, Indiana

Julie A. Rosenwinkel
Shannon L. Noder
Krieg DeVault LLP
Merrillville, Indiana

ATTORNEY FOR APPELLEE:
ALBERT MILFORD, D.O.

Jason A. Scheele
Rothberg Logan & Warsco LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:
TRC-INDIANA, LLC

Leslie B. Pollie
Travis W. Montgomery
Kopka Pinkus Dolin PC
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James T. Horejs, James Harris, and Robert Horejs, as Co-Administrators of the Estate of Laura A. Shaner, Deceased,

*Appellants-Plaintiffs,*

v.

Albert Milford, D.O., St. Margaret Mercy Healthcare Centers, Inc., and TRC-Indiana, LLC d/b/a Comprehensive Renal Care-Munster d/b/a DaVita, Inc.,

*Appellees-Defendants*

June 14, 2018

Court of Appeals Case No. 45A03-1709-CT-2173

Appeal from the Lake Superior Court

The Honorable Diane Kavadias Schneider, Judge

Trial Court Cause No. 45D11-0711-CT-195

**Vaidik, Chief Judge.**

[1] Indiana's general wrongful-death statute, Indiana Code section 34-23-1-1, establishes two categories of damages—what we will call "final-expense damages" and "survivor damages." The statute provides that if the decedent is not survived by a spouse, dependent children, or dependent next of kin, the decedent's personal representative can recover, on behalf of the decedent's estate, only final-expense damages: medical expenses related to the decedent's last illness or injury; funeral and burial expenses; and expenses of administering the estate and pursuing the wrongful-death action, including a reasonable attorney's fee. If the decedent **is** survived by a spouse, dependent children, or dependent next of kin, the decedent's personal representative can recover **both** the final-expense damages on behalf the decedent's estate **and** survivor

damages, including lost earnings of the decedent, on behalf of the statutory beneficiary/ies.

[2] This appeal presents the issue of what happens when one of the statutory beneficiaries enumerated in the statute (in this case, a spouse) survives the wrongful-death decedent but then dies himself while the wrongful-death action is still pending—that is, what happens when the survivor who would have collected the survivor damages has ceased being a "survivor"? Our Supreme Court addressed this question in *Bemenderfer v. Williams*, 745 N.E.2d 212 (Ind. 2001), where a man named Hoy Sturgeon survived his wife Dorothy and filed a wrongful-death action but then died himself before the action had concluded. The question was whether Hoy's claim for survivor damages could be carried on by the elderly couple's daughter, who, as Hoy's heir, stood to ultimately recover the damages. The Court held that she could.

[3] Here, as in *Bemenderfer*, a husband filed a wrongful-death action after the death of his wife but then died himself while the action was still pending. However, there is one key difference—the husband died without any heirs, so that any survivor damages recovered on his behalf would ultimately pass ("escheat") to the state. We must decide whether the deceased husband's/beneficiary's claim for survivor damages can be carried on under these circumstances. We hold that it cannot.

[4] The alleged wrongful-death decedent in this case is Laura Shaner, who died in January 2006. In November 2007, Laura's husband David, individually and on

behalf of Laura's estate ("Laura's Estate" or "the Estate"), sued Dr. Albert Milford, St. Margaret Mercy Healthcare Centers, Inc., and TRC-Indiana, LLC d/b/a Comprehensive Renal Care-Munster d/b/a DaVita ("the Providers"). David alleged that the Providers had been negligent in their care of Laura and caused her death. His complaint included a claim for the following survivor damages under the wrongful-death statute:

> loss of [Laura's] earnings and wages, loss of additional employment benefits which he enjoyed as a result of said [Laura's] employment, loss of the reasonable value of [Laura's] services, and further, the loss of love, affection, companionship, society and support as well as protection provided by [Laura] to [David].

Appellants' App. Vol. II p. 53.

[5] While the case was still pending, David himself died, leaving no will and no heirs (David and Laura didn't have any children, and David's mother, who would have been his only heir, died at the same time as he did). Laura's Estate continued prosecuting the lawsuit relating to Laura's death, but David's death prompted the Providers to file a motion for partial summary judgment. They asserted that because David died without heirs, any survivor damages he would have received in relation to Laura's death (had he lived) would now instead pass to the state under Indiana Code section 29-1-2-1(d)(8), "would not compensate any party who suffered a pecuniary loss due to the death of Laura Shaner as contemplated under the Wrongful Death Statute," and "would only serve as punishment to Defendants." *Id*. at 32-45. The Providers argued that

Laura's Estate should not be able to recover such damages and should be limited to the final-expense damages outlined in the wrongful-death statute. The trial court granted the Providers' motion, and Laura's Estate appeals. We review motions for summary judgment de novo. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[6] Laura's Estate contends that it should be able to pursue David's survivor damages under our Supreme Court's decision in *Bemenderfer*. The Estate correctly notes that the *Bemenderfer* Court's stated holding was that "the wrongful death statute does not operate to preclude the statutory beneficiary who dies before judgment from recovering wrongful death damages." 745 N.E.2d at 215. The Estate argues that because this passage says nothing about the statutory beneficiary leaving an heir who would ultimately collect the beneficiary's survivor damages, it can continue David's claim for such damages even though he had no heirs and those damages would eventually pass to the state. We disagree.[1]

[7] As we noted at the outset, the statutory beneficiary who died in *Bemenderfer*, Hoy Sturgeon, **did** have an heir, and that fact was central to the Supreme Court's decision. In holding that Hoy's daughter, as his heir, could continue

---

[1] Laura's Estate also asserts that David did, in fact, have an heir: a Pennsylvania woman named Aileen Waltman. However, the first mention of Ms. Waltman was in an affidavit attached to a motion to reconsider filed by Laura's Estate a month after the trial court's summary-judgment order. The trial court rejected that affidavit as untimely, and Laura's Estate doesn't challenge that ruling on appeal, so we must proceed as though David died without heirs.

Hoy's quest for survivor damages arising from the death of his wife Dorothy, the Court explained:

> Hoy was eighty-two and suffering from Alzheimer's and Parkinson's when his wife died. He lost his life-long companion and caregiver. When Dorothy died, Hoy was placed in a nursing home and soon deteriorated to the point that he could not comprehend his wife's death and lost all will to live. This human tragedy was compounded by its financial effect. **Hoy's estate was depleted by the additional expenses, and this loss was ultimately visited on his heirs.** The wrongful death defendant should not benefit from the early death of a beneficiary, and certainly not from a death that was likely accelerated by a defendant's own wrongdoing. **At least under these circumstances, the very purpose of the law invoked by Bemenderfer—compensation of pecuniary loss—is furthered by allowing recovery.**

*Bemenderfer*, 745 N.E.2d at 218 (emphasis added). The emphasized language (which Laura's Estate was careful to exclude from its brief) shows that the Court's holding turned on Hoy having an heir who would suffer a pecuniary loss if she couldn't recover the survivor damages Hoy himself would have recovered if he had lived until the wrongful-death case was wrapped up. That is, the holding turned on the fact that an heir of the deceased statutory beneficiary would receive a smaller inheritance absent an award of survivor damages.

[8] Here, because David left no heirs, there is no one left who can say that they will receive a smaller inheritance—that they would suffer a "pecuniary loss"—if David's claim for survivor damages is terminated. In another case decided the

same day as *Bemenderfer*, the Supreme Court reaffirmed that the purpose of the wrongful-death statute is to compensate for pecuniary loss caused by the death of the decedent, not to punish the defendant. *Durham ex rel. Estate of Wade v. U-Haul Int'l*, 745 N.E.2d 755, 763-64 (Ind. 2001). Requiring the Providers to pay survivor damages in this case—damages that would simply pass to the state—would serve only to punish the Providers.

[9] Laura's Estate maintains that the Providers will "avoid accountability" if they don't have to pay survivor damages. Appellants' Rev. Br. p. 14. That may be true, but it is consistent with the wrongful-death statute, which specifically contemplates that some fortunate defendants will not have to pay survivor damages. The legislature could change the statute so that all defendants are treated the same, but it has so far chosen not to do so.

[10] Laura's Estate also asserts that our holding will give wrongful-death defendants an incentive to "continue and delay cases as long as possible with the hopes that the statutory beneficiary will die." *Id*. But that is true only if the statutory beneficiary has no heirs—as established in *Bemenderfer*, an heir of a statutory beneficiary can pursue that beneficiary's claim for survivor damages even if the beneficiary dies while the claim is still pending. Moreover, a statutory beneficiary can usually avoid having no heirs. Here, David could have created heirs—and kept the Providers on the hook for survivor damages—simply by executing a will. He didn't, so he has no heirs, and any survivor damages would pass to the state. That would be contrary to the compensatory purpose

of the wrongful-death statute. Therefore, we affirm the trial court's grant of the Providers' motion for partial summary judgment.

[11] Affirmed.

Barnes, J., and Pyle, J., concur.