



FILED

Feb 21 2019, 2:44 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 19S-CT-97

## James T. Horejs, James Harris, and Robert Horejs, as Co-Administrators of the Estate of Laura A. Shaner, Deceased
*Appellants (Plaintiffs below),*

–v–

## Albert Milford, D.O., St. Margaret Mercy Healthcare Centers, Inc., and TRC-Indiana LLC d/b/a Comprehensive Renal Care-Munster d/b/a DaVita, Inc.
*Appellees (Defendants below).*

Argued: October 25, 2018 | Decided: February 21, 2019

Appeal from the Lake Superior Court
No. 45D11-0711-CT-195
The Honorable Diane Kavadias Schneider, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 45A03-1709-CT-2173

**Opinion by Justice David**

Chief Justice Rush and Justices Massa, Slaughter, and Goff concur.

**David, Justice.**

On occasion, a case arises that demonstrates the enduring importance of drafting a will. This is one such case. The present dispute arises out of a wrongful death suit initiated by David Shaner after his wife Laura's death due to complications with the administration of dialysis treatments. David sought two categories of damages contemplated by Indiana's wrongful death statute: damages related to medical, hospital, funeral, and burial expenses and additional damages including loss of consortium, lost earnings and wages, and loss of additional employment benefits. During litigation, David died intestate, leaving no immediately ascertainable heirs. Defendants, Dr. Albert Milford, St. Margaret Mercy Healthcare Centers, Inc., and TRC-Indiana, LLC, moved for partial summary judgment on David's claim for damages related to loss of consortium, arguing any damages in excess of medical, hospital, funeral, and burial expenses would be punitive in nature because David left no heirs. The trial court granted the Defendant's motion and the Court of Appeals affirmed.

We grant transfer today to reverse the trial court's grant of partial summary judgment and hold that the wrongful death and survival statutes enable David's claim to survive regardless of the existence of an heir. Because we are not convinced the proper party is maintaining David's claim, however, we also instruct the trial court to determine whether there is a proper party to continue the action as contemplated by the relevant statutes.

## Facts and Procedural History

In late 2005, Laura Shaner underwent surgery performed by Defendant Albert Milford, D.O. ("Milford") at St. Margaret Mercy Healthcare Center ("St. Margaret") in Dyer, Indiana, for the repair of an abdominal hernia. Unfortunately, complications arose after the surgery, which necessitated Laura's dialysis treatments at TRC–Indiana, LLC d/b/a Comprehensive

Renal Care–Munster d/b/a DaVita, Inc. ("TRC"). Laura died on January 4, 2006, after problems from administration of the dialysis and was survived by her husband David Shaner.

David, individually and as Administrator of the Estate of Laura A. Shaner, brought suit against Milford, St. Margaret, and TRC, asserting Defendants were liable in negligence for Laura's death. David sought two categories of damages resulting from the wrongful death of Laura: "final–expense damages" including medical, hospital, funeral, and burial expenses, and "survivor damages" for the loss of consortium, including the loss of Laura's earnings and wages, and her services, love, affection, companionship, society, support, and protection.[1] While these claims were pending, David died intestate on October 30, 2015, leaving no known surviving heirs. David's estate escheated to the State of Indiana.

In 2016, Laura's father, James T. Horejs, was appointed successor administrator of Laura's Estate, and Laura's brothers, Robert Horejs and James Harris, were appointed as co-administrators (collectively "Horejs"). These co-administrators continued to claim both final–expense and survivor damages flowing from the wrongful death claim. TRC, joined by St. Margaret and Milford, moved for partial summary judgment on the survivor damages claim, arguing that, because of David's death, there was no evidence to support a claim for loss of consortium damages. Because David left no will, had no dependents or next of kin, and there was no evidence available to calculate damages for a loss of consortium claim, the trial court granted Defendants' motion for partial summary judgment. The trial court also concluded that the co-administrators lacked standing to continue this claim on behalf of the Estate of David Shaner.

The Court of Appeals affirmed, finding that because David had no heirs, any survivor damages would pass to the state—a result contrary to

---

[1] The Court of Appeals intuitively referred to these two distinct categories of damages as "final-expense damages" and "survivor damages." *See Horejs v. Milford*, 104 N.E.3d 622, 623 (Ind. Ct. App. 2018). For the purposes of this opinion, we will continue to use these terms to describe the damages at issue in this case.

the compensatory purpose of the wrongful-death statute. *Horejs v. Milford*, 104 N.E.3d 622, 625 (Ind. Ct. App. 2018). The court's opinion closely examined this Court's decision in *Bemenderfer v. Williams*, 745 N.E.2d 212 (Ind. 2001), and found the holding in *Bemenderfer* "turned on the fact that an heir of the deceased statutory beneficiary would receive a smaller inheritance absent an award of survivor damages." *Horejs*, 104 N.E.3d at 624-25. The Court of Appeals found that allowing a claim for survivor damages in the instant case would only serve to punish the Defendants because the damages would simply pass to the State. *Id*. at 25.

Horejs sought transfer, which we now grant, thereby vacating the Court of Appeals' opinion. Ind. App. Rule 58(A).

## Standard of Review

We review a grant of partial summary judgment the same as in the trial court. *Ballard v. Lewis*, 8 N.E.3d 190, 193 (Ind. 2014). "[S]ummary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id*. (citations omitted). Where a challenge to the trial court's summary judgment ruling presents only legal issues or a question of statutory interpretation, it is reviewed *de novo*. *Id*.

## Discussion and Decision

The parties in this case ask us to affirm our Court's prior decision in *Bemenderfer v. Williams*, 745 N.E.2d 212 (Ind. 2001), albeit for different reasons. Horejs argues *Bemenderfer* should be read to authorize a claim for survivor damages that extends beyond the death of a party regardless of the existence of an heir. Meanwhile, Defendants argue *Bemenderfer* turned specifically on the existence of an heir and that policy considerations discussed in *Bemenderfer* cut in their collective favor to foreclose a claim for survivor damages. Although we find that neither the relevant statutes nor *Bemenderfer* require an heir for this type of claim to survive the death of a party, we are not convinced the proper party is before the Court to

continue David's claim for survivor damages.  Each of these issues will be discussed in turn.

## I.  The relevant statutes do not preclude an action for survivor damages and *Bemenderfer* does not change that result.

Two statutes inform the basis of our holding today:  the "death from a wrongful act or omission" statute codified at Indiana Code section 34-23-1-1, and the "continuing action after death of party" statute found in Indiana Code section 34-9-3-1.  The current versions of each statute were re–codified in the same piece of legislation, *see* 1998 Ind. Acts 39-40, 141-42, and neither statute has been amended since the recodification or our decision in *Bemenderfer*.  As we have previously observed, "[t]he survival statute and the wrongful death statute must be construed together." *Bemenderfer*, 745 N.E.2d at 218.

Indiana's wrongful–death statute, convoluted as it may be, lays out the general cause of action for when a wrongful act or omission causes the death of another.  This provision allows the personal representative of the decedent to maintain an action against the alleged wrongdoer that caused the death "if the [decedent] might have maintained an action had he or she…lived."  Ind. Code § 34-23-1-1.  This cause of action contemplates the possibility of damages, which is described as follows:

> [D]amages shall be in such an amount as may be determined
> by the court or jury, including, but not limited to, reasonable
> medical, hospital, funeral and burial expenses, and lost
> earnings of such deceased person resulting from said wrongful
> act or omission.  That part of the damages which is recovered
> for reasonable medical, hospital, funeral and burial expense
> shall inure to the exclusive benefit of the decedent's estate for
> the payment thereof.  The remainder of the damages, if any,
> shall, subject to the provisions of this article, inure to the
> exclusive benefit of the widow or widower, as the case may be,

> and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased.

*Id*. Simply put, any final–expense damages inure to the decedent's estate for payment of reasonable medical, hospital, funeral and burial expenses, and any excess damages, including survivor damages, inure to the exclusive benefit of the widow or widower and any dependents.

As applied to the present case, David Shaner brought an action under the wrongful–death statute against Milford, St. Margaret, and TRC for both final–expense and survivor damages. Had this action been frozen in time, both parties seem to agree that under the wrongful–death statute, David was entitled to pursue both final–expense and survivor damages as the administrator for Laura's estate and in his individual capacity as Laura's widower. David's death before judgment, however, does not necessarily mean these claims abate. Rather, courts must look to Indiana's survival statute to determine whether a particular type of action may continue.

Indiana's survival statute provides, "If an individual who is entitled or liable in a cause of action dies, the cause of action survives and may be brought by or against the representative of the deceased party…" Ind. Code § 34-9-3-1(a). The statute also instructs:

> An action under this chapter may be brought, or the court, on motion, may allow the action to be continued by or against the legal representatives or successors in interest of the deceased. The action is considered a continued action and accrues to the representatives or successors at the time the action would have accrued to the deceased if the deceased had survived.

Ind. Code § 34-9-3-1(b). As this Court has previously held, "the plain language of the survival statute tells us that a cause of action, once accrued, does not abate." *Bemenderfer*, 745 N.E.2d at 218.

Defendants in this case argue that the wrongful–death statute must be harmonized with the survival statute to require that an heir take up the claim on behalf of the decedent's estate. Reading these statutes together, however, we see no indication in the text of either statute that David's claim for survivor damages terminated upon his death simply because he had no heirs. A plain reading of the text confirms that the claim for survivor damages, once properly asserted, does not abate due to the death of the once-surviving spouse.

This Court's prior decision in *Bemenderfer* does nothing to change this result. Rather, the holding in that case reinforces this interpretation. The facts presented in that case are nearly identical to the facts of the present action. The wife in *Bemenderfer* died as a result of complications from a laparoscopic examination and her husband and daughter sought both final–expense and survivor damages under the wrongful death statute. *Id*. at 214-15. During the pendency of that lawsuit, the husband died, leaving the couple's daughter as the personal representative of both estates. *Id*. at 215. The doctor–defendant moved for partial summary judgment, arguing that any damages beyond final–expense damages were foreclosed by the husband's death. *Id*. The trial court ultimately denied the defendant's motion and the Court of Appeals affirmed. *Id*.

In examining the same statutes at issue in today's decision, our Court specifically found that, "[t]here is no suggestion in this version of the [wrongful death] statute that the cause of action expires if the surviving spouse or beneficiary dies before the wrongful death action is prosecuted to its conclusion." *Id*. at 217. Furthermore, we observed that the statute "expressly suggests that survival of the statutory beneficiary to the wrongful death victim's death, and not until judgment, is a prerequisite to recovering damages under the statute." *Id*. Simply put, our Court held that there was nothing in the survival statute that required this type of cause of action to abate upon the death of one of the parties. *Id*. at 218.

The *Bemenderfer* opinion also examined several policy arguments advanced by each party. Namely, the defendant argued that the purpose of the wrongful death statute was compensatory rather than punitive. *Id*. As such, there should have been no award of survivor damages because

the damages would inure to someone not contemplated by the statute. *Id*. Conversely, the plaintiffs argued that cutting off an otherwise valid award of damages only served to benefit the tortfeasor and incentivized defending parties to draw out litigation in the hopes that a contemplated beneficiary would die before judgment. *Id*. Ultimately, our Court found the policy concerns favored the plaintiffs because the husband lost his lifelong companion, was forced into a nursing home, suffered from the profound financial impact of the circumstances, and that the loss was ultimately borne by his heirs. *Id*.

The parties before us today make similar policy arguments and we see no reason to upend the basic reasoning set forth in *Bemenderfer*. While it is true there was an immediately identifiable heir in *Bemenderfer*, there is no language in that opinion that would suggest our Court read a requirement of a surviving heir into the otherwise facially clear wrongful death and survival statutes. Defendants, believing otherwise, point us to the following statement in the *Bemenderfer* opinion: "Because we conclude that [husband's] damages did not abate upon his death, *and because, as an heir, [daughter] stands to recover those damages…*" *Id*. at 219 (emphasis added). Defendants interpret this language to mean that the entire opinion turned on the existence of an heir. But Defendants fail to quote the second part of that sentence, which reads, "…we do not address the Court of Appeals' conclusion that *Dillier* establishes that [daughter] may bring a separate action to recover her pecuniary losses." *Id*. Read as a whole, this sentence is inconsequential to the overall holding and purpose of *Bemenderfer*, which was to affirm the finding that, despite the husband's death prior to final judgment, his claim for survivor damages did not abate. The sentence simply explained why the Court's opinion did not address a particular portion of the Court of Appeals analysis.

We decline to carve out an exception to the central holding of *Bemenderfer* in today's opinion. After all, a wrongful death action is "entirely a creature of statute." *Durham ex rel. Estate of Wade v. U-Haul*, 745 N.E.2d 755, 758 (Ind. 2001). Because the plain language of the wrongful death and survival statutes require that a properly–accrued claim does not abate, we hold that David's claim for survivor damages could have

survived regardless of the existence of an heir.  Therefore, summary judgment on this basis was inappropriate.

## II. The proper party to this claim remains unclear.

Although we hold today that an heir was not required under the wrongful death and survival statutes for David's claim to continue, we are not convinced that the Estate of Laura Shaner is the proper party to assert this claim.  Defendants have hinted as much, arguing that the co–administrators of Laura's estate should not be the party pursuing this claim.  Rather, as Defendants suggest, David's estate should have taken up this claim when it had the opportunity.[2]

As noted above, the wrongful death statute allows a claim for damages beyond final–expense damages to "inure to the exclusive benefit of the widow or widower…to be distributed in the same manner as the personal property of the deceased."  Ind. Code § 34-23-1-1.  As it relates to this provision, the survival statute allows an action to be continued "by or against the legal representatives or successors in interest of the deceased." Ind. Code § 34-9-3-1(a).  Applied to David's claim, survivor damages were to inure to his exclusive benefit.  The survival statute allows David's legal representative or successor in interest to continue this action beyond David's death. This claim "is considered a continued action and accrues to the representatives or successors at the time the action would have accrued to the deceased if the deceased had survived."  Ind. Code § 34-9-3-1(b).  As such, the party seeking any survivor damages to which David was entitled must be either a legal representative or successor in interest to David.

We note that the key difference between *Bemenderfer* and today's decision is that the daughter in *Bemenderfer* was appointed as a personal representative of the husband's estate <u>and</u> the wife's estate.  745 N.E.2d at

---

[2] The trial court's findings of fact indicate that David Shaner's estate escheated to the state after his death in late 2015.

215. This position allowed her to continue the husband's claim for survivor damages on behalf of the husband's estate after his death. Here, only Laura's estate is before our Court. We recognize that the trial court concluded the "[s]uccessor Co-administrators of the Estate of Laura A. Shaner do not have the standing to continue a claim on behalf of the Estate of David Shaner," Appellant's App. Vol. 2 at 22, and take this conclusion at face value. But given that David's claim for survivor damages could have survived David's death regardless of the existence of an heir, we instruct the trial court on remand to consider whether a proper party exists to continue this claim such that David's estate would be eligible to be reopened. *See* Ind. Code § 29-1-17-14.

## Conclusion

We hold that David's claim for survivor damages did not abate upon his death and was not dependent on the existence of an heir. Therefore, summary judgment on this claim was inappropriate. We reverse the trial court's grant of partial summary judgment and remand this matter for additional proceedings.

Rush, C.J., and Massa, Slaughter, and Goff, JJ., concur.

ATTORNEYS FOR APPELLANTS
Timothy S. Schafer
Timothy S. Schafer, II
Todd S. Schafer
Schafer & Schafer
Merrillville, Indiana

ATTORNEYS FOR APPELLEE ALBERT MILFORD, D.O.
Jason A. Scheele
Edward L. Murphy
Rothberg Logan & Warsco LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE ST. MARGARET MERCY
HEALTHCARE CENTERS, INC.
Libby Yin Goodknight
Krieg DeVault LLP
Indianapolis, Indiana

Shannon L. Noder
Julie Ann Rosenwinkel
Krieg DeVault LLP
Merrillville, Indiana

ATTORNEYS FOR APPELLEE TRC-INDIANA LLC
Leslie B. Pollie
Travis W. Montgomery
Kopka Pinkus Dolin PC
Carmel, Indiana