# FOR PUBLICATION



FILED
Oct 28 2014, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DALE W. ARNETT**
Winchester, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ARTHUR DALE MILLER,                )
                                   )
   Appellant-Defendant,            )
                                   )
          vs.              )   No.  38A02-1403-CR-141
                                   )
STATE OF INDIANA,                  )
                                   )
   Appellee-Plaintiff.             )

APPEAL FROM THE JAY SUPERIOR COURT
The Honorable Max C. Ludy, Judge
Cause No. 38D01-1209-FC-2

**October 28, 2014**

**OPINION - FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

This case is a reminder that we will not allow a defendant to have two bites at the proverbial appellate apple, especially when it happens with the assistance of a trial court that should have dismissed the underlying motion for lack of jurisdiction.

Arthur Dale Miller ("Miller") previously initiated an appeal of the trial court's denial of his motion to hold the Jay County Sheriff in contempt for failing to transport him to the Department of Correction within five days of his sentencing. Our Court dismissed his appeal based on his failure to properly serve the proper party with his notice of appeal. Miller then sought to set aside the order denying his contempt motion and to have the trial court re-enter a judgment on his contempt motion so that he could re-appeal the trial court's order. The trial court granted Miller's request, and Miller now attempts to re-appeal the denial of his contempt motion.

Because we find that the trial court did not have jurisdiction to rule on Miller's contempt motion based on Miller's lack of standing and because Miller's challenge was nevertheless rendered moot when he was transferred to the Department of Correction, we dismiss this appeal.

We dismiss.

## ISSUE

Whether the trial court erred by ruling on Miller's motion to find the Jay County Sheriff in contempt.

2

FACTS

As this is the second time that this case has appeared before us on appeal, we refer

to our prior opinion for the underlying facts:

> On September 19, 2012, the State charged Miller with operating a motor
> vehicle after forfeiture of license for life as a Class C felony, criminal
> recklessness as a Class A misdemeanor, and failure to stop after an accident
> resulting in damage to an attended vehicle as a Class C misdemeanor.
> Miller signed a plea agreement on October 4, 2012, in which he agreed to
> plead guilty to Count I and serve a four-year executed sentence, in
> exchange for the State dismissing Counts II and III. The court accepted
> Miller's guilty plea and, on November 13, 2012, ordered the Jay County
> Sheriff to deliver Miller to the Department of Correction within five
> business days. *Appellant's App* at 4–5.

> On November 30, 2012, seventeen days after sentencing, Miller had not yet
> been delivered to the Department of Correction, and he filed a pro se
> "Petition of Alligations (sic) of Contempt of Court." *Id.* at 34–35.[1] In the
> petition, Miller alleged that his due process rights were being violated
> because the Jay County Sheriff was ignoring the trial court's order. He
> asked that the Jay County Sheriff be found in contempt of court and be
> fined $5,000 per day, or the maximum allowed by law.

> The trial court held a hearing on the petition on December 3, 2012, and
> found that the Jay County Sheriff was not in contempt.[2] Miller asked to
> appeal the court's decision, and the trial court appointed appellate counsel
> to represent Miller. Miller's Notice of Appeal, which was mailed on
> January 2, 2013, named the State of Indiana as Appellee. Miller did not
> serve Notice of Appeal upon the Jay County Sheriff. *See id.* at 40. On
> June 27, 2013, the Indiana Attorney General ("Attorney General") filed a
> special appearance in order to file a Notice of Non–Involvement of Indiana
> Attorney General ("Notice of Non–Involvement"). In the Notice of Non–
> Involvement, the Attorney General argued that the State is not involved in

---

[1] Although this appeal involves the review of a trial court's judgment on a civil contempt petition, our appellate cause number is indicated as a criminal or "CR" cause because Miller filed his contempt petition as part of his criminal case, and the trial court did not transfer the petition or assign it a civil cause number.

[2] During the December 2012 hearing, the Jay County Sheriff testified that his office had sent the necessary paperwork to the Department of Correction but could not transport Miller until the Department of Correction notified the sheriff that it was ready for Miller.

3

the appeal because the only relief Miller requested is against the Jay County Sheriff, who the Attorney General does not represent. The Attorney General further noted that the State had no involvement in the matter at the trial court.

*Miller v. State*, No. 38A04-1301-CR-8, *1 (Ind. Ct. App. Aug. 14, 2013). On January 23, 2013, while this first appeal was pending, the Jay County Sheriff transported Miller to the Department of Correction's Reception Diagnostic Center ("RDC"). On August 14, 2013, another panel of this Court dismissed Miller's appeal based on his failure to serve his notice of appeal on the proper party in this appeal (i.e., the Jay County Sheriff).[3] Miller neither sought rehearing nor petitioned for transfer of this Court's dismissal.[4]

Five months later, on February 5, 2014, Miller's appointed counsel filed a Trial Rule 60(B) motion to set aside the trial court's December 2012 order, which denied Miller's motion to find the Jay County Sheriff in contempt. In his motion, Miller acknowledged that our Court had dismissed his appeal but argued that, "[a]s a matter of equity," Miller "should be allowed to have his day in court[.]" (App. 73). Miller also argued that if his counsel "was ineffective for not properly pursuing the appeal, then this cause falls within the parameters of T.R. 60(B)(8)[.]" (App. 73). He further contended

---

[3] Specifically, the panel of our Court held that Miller's failure to serve the notice of appeal on the proper party was a failure to perfect his appeal that required it to dismiss Miller's appeal "for lack of jurisdiction." *Miller*, No. 38A04-1301-CR-8, slip op at *2. We note that, pursuant to our Indiana Supreme Court's recent opinion of *In re Adoption of O.R*, Miller's failure to serve the notice of appeal on the proper party may have been more appropriately considered a procedural default, rather than a lack of jurisdiction. *See generally In re Adoption of O.R.*, --- N.E.3d ---, 2014 WL 4783378 (Ind. 2014) (explaining that an untimely filing of a notice of appeal was not a "jurisdictional" bar precluding appellate review). Nevertheless, as explained below, this case should have been dismissed based on a lack of jurisdiction but for other reasons.

[4] Nor did Miller file any motion with this Court seeking permission to serve his notice of appeal on the proper party.

4

that he had filed his motion to set aside within a reasonable time and that he had a meritorious defense because the Sheriff had failed to comply with the trial court's sentencing order and with INDIANA CODE § 35-38-3-4, both of which required the Sheriff to transport Miller to the Department of Correction within five days of sentencing.[5]

On February 11, 2014, the trial court held a hearing on Miller's motion. During the hearing, Miller appeared telephonically from his Department of Correction facility and was represented by counsel. The Jay County Sheriff was neither present nor represented by counsel. During the hearing, Miller and the prosecutor agreed that the contempt motion was a civil matter even though it was filed under Miller's criminal cause. The trial court judge stated that if he were to set aside the judgment then it would give Miller "a chance . . . to get a new appeal" and that "hopefully the Court of Appeals wouldn't frown upon [him] if [he] did do that." (Tr. 45-46) (font altered to lower case). When discussing whether to set aside the judgment to allow Miller a second chance to appeal the trial court's denial of his contempt motion, the trial judge stated that "the only damage [he] would do" would be to "aggravate the Court of Appeals by letting this thing come back through" and "upset[ting]" the Sheriff because he would "have to hire an attorney or do something to represent him in the appeal." (Tr. 48) (font altered to lower case).

On February 12, 2014, the trial court entered an order granting Miller's Trial Rule 60(B) motion to set aside the December 2012 judgment and noted that it was doing so

---

[5] INDIANA CODE § 35-38-3-4 provides that a sheriff "shall transport the convicted person within five (5) days after the day of sentencing, unless the court orders the sheriff to transport the person within some other specified period."

"[i]n fairness" to Miller. (App. 6). The trial court also took judicial notice of the December 2012 hearing on Miller's contempt motion and then re-denied Miller's motion. On March 5, 2014, Miller filed a notice of appeal to commence a second appeal of the denial of his contempt motion. Miller served his notice of appeal on the Jay County Sheriff but did not name the Sheriff as a party.

<u>DECISION</u>

Before addressing Miller's argument, we observe that the Jay County Sheriff has not filed an appellate brief. When an appellee fails to submit an appellate brief "we need not undertake the burden of developing an argument on the [A]ppellee's behalf." *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). Instead, "we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error." *Id.* "Prima facie error in this context is defined as, 'at first sight, on first appearance, or on the face of it.'" *Id.* (quoting *Santana v. Santana*, 708 N.E.2d 886, 887 (Ind. Ct. App. 1999)). When the appellant is unable to meet this burden, we will affirm the trial court's ruling. *Id.*

Miller argues that the trial court erred by re-denying his motion to hold the Jay County Sheriff in contempt. We agree that the trial court erred but conclude that the trial court did so for other reasons.

Aside from the fact that the trial court should not have granted Miller's Trial Rule 60(B) motion in order to allow him to circumvent this Court's dismissal order and to

6

have a second chance at appeal,[6] the trial court did not have jurisdiction—either the first time or the second time—to rule on Miller's motion seeking to have the Sheriff held in contempt because Miller failed to show that he had standing to bring such a motion.

"The judicial doctrine of standing focuses on whether the complaining party is the proper person to invoke the court's power." *Schloss v. City of Indianapolis*, 553 N.E.2d 1204, 1206 (Ind. 1990), *reh'g denied.* "The standing requirement is a limit on the court's jurisdiction which restrains the judiciary to resolving real controversies in which the complaining party has a demonstrable injury." *Id.* "Under our general rule of standing, only those persons who have a personal stake in the outcome of the litigation *and* who show that they have suffered or were in immediate danger of suffering a direct injury as a result of the complained-of conduct will be found to have standing." *State ex rel. Cittadine v. Ind. Dep't of Transp.*, 790 N.E.2d 978, 979 (Ind. 2003) (emphasis added). "Absent this showing, complainants may not invoke the jurisdiction of the court." *Id.*

Here, Miller filed a pro se motion to find the Sheriff in civil contempt and filed this motion in his criminal cause. Aside from Miller's generic assertion that his due process rights were violated because the Sheriff had not transported him to the Department of Correction within five days of sentencing, Miller made no specific showing that he had a demonstrable or direct injury. Furthermore, the trial court's order directing the Sheriff to transport Miller and the statute addressing the duties of a sheriff appear to be merely administrative directives, and Miller did not show that they confer

---

[6] *See Snider v. Gaddis*, 413 N.E.2d 322, 324 (Ind. Ct. App. 1980) (explaining that a motion for relief from judgment under Indiana Trial Rule 60(B) may not be used as a substitute for a direct appeal nor used to revive an expired attempt to appeal).

7

any specific right or a private right of action to a defendant such as him. *See, e.g.*, *Blanck v. Ind. Dep't of Corr.*, 829 N.E.2d 505, 509 (Ind. 2005) (explaining that while certain statutes impose various duties on the Department of Correction, inmates do not have a corresponding right where the legislature did not intent for the inmates to have a private right of action to enforce these statutes). Because Miller did not have standing to bring his contempt motion, the trial court did not have jurisdiction and should have dismissed his motion.

Moreover, even if Miller had a private right of action and we were to consider the lack of transfer to Department of Correction within five days as an injury to Miller sufficient enough to find that he had standing to challenge the Sheriff's compliance with a trial court order, Miller's argument was rendered moot when the Sheriff transferred Miller to RDC on January 23, 2013. "The long-standing rule in Indiana has been that a case is deemed moot when no effective relief can be rendered to the parties before the court." *Matter of Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991). When a dispositive issue in a case has been resolved in such a way as to "'render it unnecessary to decide the question involved,' the case will be dismissed." *Id.* (quoting *Dunn v. State*, 163 Ind. 317, 321, 71 N.E. 890, 894 (1904)). "The existence of an actual controversy is an essential requisite to appellate jurisdiction." *DeSalle v. Gentry*, 818 N.E.2d 40, 49 (Ind. Ct. App. 2004). Because the Sheriff already transferred Miller to the Department of Correction,

his argument is moot.  Furthermore, because Miller's argument does not meet the public interest exception to mootness, we dismiss his appeal.[7]

Dismissed.

NAJAM, J., and BAILEY, J., concur.

---

[7] "[A]lthough moot cases are usually dismissed, Indiana courts have long recognized that a case may be decided on its merits . . . when the case involves questions of 'great public interest.'" *Matter of Lawrance*, 579 N.E.2d at 37. "Cases found to fall within the public interest exception typically contain issues likely to recur." *Id.*