

ATTORNEY FOR APPELLANT

Jenny R. Buchheit
Stephen E. Reynolds
Ice Miller LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Community Health Network, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Pamela D. Bails, <br> *Appellee-Defendant* | April 7, 2016 <br><br> Court of Appeals Case No. <br> 49A05-1512-PL-02059 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable David J. Dreyer, Judge <br><br> Trial Court Cause No. <br> 49D10-1501-PL-002068 |

**Bailey, Judge.**

# Case Summary

Community Health Network ("Community") appeals the trial court's denial of Community's motion to correct error, which challenged the trial court's order vacating upon appeal from the Decatur Township Small Claims Court ("the Decatur Township court") an agreed judgment between Community and Pamela D. Bails ("Bails") and dismissing Community's case against Bails.

We reverse and remand with instructions.

# Issue

Community presents several issues for our review, which we consolidate into a single issue: whether the trial court abused its discretion when it denied Community's motion to correct error.

# Facts and Procedural History

On June 3, 2010, in the Decatur Township court, Community filed its notice of claim against Bails with respect to medical bills owed by Bails. On August 19, 2010, Community and Bails entered into an agreed judgment, whereby Bails agreed to pay Community $400.55 to satisfy an underlying debt and $450.00 in attorney fees, plus costs. (App'x at 39.)

On August 26, 2010, Community filed a motion to initiate proceedings supplemental to judgment. Bails responded with a motion requesting a continuance on October 14, 2010. On November 23, 2010, Bails filed a motion

to set aside the judgment. That order was denied on December 2, 2010. Bails was subsequently ordered to appear before the Decatur Township court on August 4, 2011, but failed to appear.

[6] On July 3, 2014, Community filed a second motion to initiate proceedings supplemental in the Decatur Township court. On August 15, 2014, Bails filed a motion seeking dismissal of the proceeding supplemental, contending that the case was venued improperly. On August 19, 2014, Bails filed a motion requesting discovery from Community. On August 21, 2014, the Decatur Township court conducted a hearing on the motion to dismiss, and, on Bails's request, transferred the case to the Washington Township Small Claims Court ("the Washington Township court"). The Decatur Township court stated in its order transferring the case that the motion for discovery would be addressed by the Washington Township court.

[7] On September 19, 2014, in the Washington Township court, Bails again moved to dismiss. The Washington Township court denied these motions on September 26, 2014. Subsequent to this, the judge of the Washington Township court recused himself and provided the parties with a list of three Marion County small claims courts, with each party to strike one from the list so that the case could be transferred to the remaining court.

[8] Rather than respond to the Washington Township court's request, on October 6, 2014, Bails filed a motion with the Washington Township court, in which she requested transfer of the case to the Indiana Supreme Court for

appointment of a special judge under Trial Rule 53.1(a). Bails cited as grounds for her motion the August 19, 2014 date of the motion for discovery in the Decatur Township court. That motion was not ruled upon by the Decatur Township court, which stated that the motion would be addressed by the Washington Township court. Because the Washington Township court did not rule on the motion until September 26, 2014, Bails sought transfer of the case and appointment of a special judge. Bails also filed a motion to dismiss, contending that the case had not been transferred quickly enough from the Decatur Township court to the Washington Township court.

[9] Because Bails did not comply with the Washington Township court's request to select a court to strike, the judge of the Washington Township court selected a court to strike from the list, and ordered the case transferred to the Lawrence Township Small Claims Court ("the Lawrence Township court"). On October 21, 2014, the Lawrence Township court accepted jurisdiction over the case and scheduled a hearing for December 3, 2014. On November 10, 2014, in the Lawrence Township court, Bails again filed a motion to dismiss the case.

[10] The Lawrence Township court conducted a hearing on December 3, 2014. On December 5, 2014, the Lawrence Township court entered an order granting Community's motion to garnish Bails's wages in satisfaction of the agreed judgment. Garnishment commenced on or around January 5, 2015.

[11] On December 15, 2014, Bails filed a motion for extension of time to file an appeal with the Marion Superior Court ("the trial court"). The Lawrence

Township court granted the motion, and on December 26, 2014, Bails filed her appeal.

[12] On February 2, 2015, the trial court ordered that the case be repled, in conformance with Marion Superior Court Local Rules. On March 6, 2015, Bails filed a motion with the trial court seeking to end the garnishment and to have the agreed judgment set aside.

[13] On March 10, 2015, the trial court sent a notice of hearing, which scheduled the case for a bench trial on August 20, 2015. By the time of the trial, the entirety of the amount of the agreed judgment had been paid by means of the garnishment order entered by the Lawrence Township court. On the day of trial, Bails appeared, but Community did not. On August 20, 2015, the day of trial, the trial court entered judgment in favor of Bails, ordered Community's claim dismissed, and ordered the reversal of the garnishment and repayment of the funds to Bails, thereby entering judgment against Community for $850.50. In a footnote, the trial court stated, "[t]he Court exercises its equity jurisdiction by further finding laches, lack of notice, and failure to appear for trial as a basis for judgment." (App'x at 147.)

[14] On September 18, 2015, Community filed a motion to correct error. In connection with the motion, Community provided affidavits from MedShield, Inc., which handled bill collection activity for Community, and Derek Johnson, who served as counsel for Community in this case. These affidavits indicated that Community did not receive notice of Bails's appeal or of the order to

replead the case. In its motion, Community noted that it had not received either the notice of appeal or the trial court's order. Further, Community argued that because the garnishment order had been entered upon an agreed judgment, the judgment was not subject to appeal or modification. Accordingly, Community requested that the trial court vacate its order and reinstate the agreed judgment and garnishment order or, in the alternative, allow Community to replead the case.

[15] No hearing was set, and the motion to correct error was subsequently deemed denied.

[16] This appeal ensued.

# Discussion and Decision

[17] Community appeals the trial court's denial of its motion to correct error. We review a trial court's decision on a motion to correct error for an abuse of discretion, which occurs when the court's decision is contrary to the logic and effect of the facts and circumstances before it, or when the court errs on a matter of law. *Rickman v. Rickman*, 993 N.E.2d 1166, 1168 (Ind. Ct. App. 2013).

[18] Further, Bails has not filed an appellee's brief in this matter. "When an appellee fails to submit an appellate brief 'we need not undertake the burden of developing an argument'" for the appellee. *Miller v. State*, 19 N.E.3d 779, 783 (Ind. Ct. App. 2014) (quoting *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065,

1068 (Ind. 2006)). Rather, we reverse the trial court's judgment if the appellant presents a case of prima facie error, that is, error "'at first sight, on first appearance, or on the face of it.'" *Id.*

[19] The judgment underlying the motion to correct error purports to dismiss a small claims case filed by Community, which case had been resolved by an agreed judgment and garnishment of Bails's wages. An agreed judgment "does not represent the judgment of the court. It is merely the agreement of the parties consented to by the court." *Mercantile Nat'l Bank of Ind. v. Teamsters Union Local No. 142 Pension Fund*, 668 N.E.2d 1269, 1271 (Ind. Ct. App. 1996) (citing *State v. Huebner*, 230 Ind. 461, 104 N.E.2d 385, 387-88 (1952)). Thus, "absent fraud," an agreed judgment is not appealable. *Bemenderfer v. Williams*, 745 N.E.2d 212, 215 n.2 (Ind. 2001).

[20] The agreed nature of the judgment at issue here compelled a result other than that reached by the trial court. While Community did not appear for trial or replead in compliance with the trial court's order, the parties' mutual decision to enter into an agreed judgment precluded appellate review—let alone the dismissal of the underlying case and a judgment against Community requiring its return of monies garnished in satisfaction of the judgment.

[21] Based upon this, we conclude that the trial court erred when it dismissed Community's case, vacated the agreed judgment, and ordered damages in favor of Bails. We accordingly reverse the judgment of the trial court, with instructions to reinstate the agreed judgment, vacate the judgment against

Community, and proceed with this case in a manner not inconsistent with our decision today.

[22] Reversed and remanded.

Bradford, J., and Altice, J., concur.